State v. Lewis

Defendant was indicted for murder. He was allowed to enter a plea of *nolo contendere* to voluntary manslaughter. Judgment imposing a prison sentence of not less than twelve nor more than fifteen years was entered. Defendant subsequently wrote his court appointed counsel and asked that notice of appeal be entered.

*Attorney General Robert Morgan by Russell G. Walker, Jr., and Roy A. Giles, Jr., Assistant Attorneys General for the State.*

*James R. Fullwood for defendant appellant.*

VAUGHN, Judge.

---

STATE OF NORTH CAROLINA v. OTIS LEE LEWIS

No. 7226SC834

(Filed 20 December 1972)

ON *certiorari* to review order of *McLean, Judge,* entered at 10 May 1971 Session of Superior Court, MECKLENBURG County.

Defendant was charged with forgery and uttering a forged check. At trial he entered a plea of guilty to uttering a forged check. The court questioned him at length with respect to the voluntariness of his plea. Defendant, a high school graduate,

stated under oath that he understood the charge against him; was not under the influence of alcohol, narcotics, medicines, or pills; that he was satisfied with the services of his counsel; was in fact guilty; had had time to subpoena witnesses; had not received any promises or threats to influence his plea; and was freely, voluntarily and understandingly pleading guilty. The court entered judgment that defendant be imprisoned for a period of ten years. Defendant, in open court, gave notice of appeal. Counsel was appointed to perfect his appeal.

*Attorney General Morgan, by Deputy Attorney General Vanore, for the State.*

*Arthur Goodman, Jr., for defendant appellant.*

MORRIS, Judge.

We note that the bill of indictment contained two counts— one for felonious forgery and one for feloniously uttering a forged instrument. It appears that the first count, forgery, may be fatally defective. However, the indictment for the felony of uttering a forged instrument is, in all respects, proper. This was the charge to which defendant entered a plea of guilty. The transcript of his plea and the adjudication of the court thereon appear in the record. The sentence imposed is within the statutory limits.

No error.

Judges CAMPBELL and PARKER concur.